CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS GUEVARA, | Civil No. 07-2499 (DMC) |
| Petitioner, | |
| v. | **ORDER** |
| ALBERTO GONZALES, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. Luis Guevara a/k/a Ricardo Grillo Rodriguez, #A22 788 661, a Mariel Cuban, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention pursuant to Clark v. Suarez Martinez, 543 U.S. 371 (2005). By Order filed June 6, 2007, this Court directed service and ordered Respondents to show cause in writing, within 20 days of service, why the Writ should not be granted, see 28 U.S.C. § 2243.

2. On June 26, 2007, the United States Attorney's Office filed a letter asking this Court to extend the time to respond for seven days. On June 28, 2007, the United States Attorney's Office filed a letter asking the Court to dismiss the Petition as moot on the ground that Respondents released Petitioner from custody, pursuant to an order of supervision, on June 27, 2007. Respondents also filed a copy of a Release Notification for Ricardo Grillo Rodriguez, #A22 788 661, dated June 26, 2006 [sic].

3. This Court has subject matter jurisdiction over the instant Petition because Petitioner was detained in New Jersey at the time he filed his Petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lee, 357 F.3d at 342; Chong v. Dist. Dir., INS, 264 F.3d 378, 382-83 (3d Cir. 2001). The

question here is whether Petitioner's release pursuant to 8 U.S.C. § 1231(a)(3) under supervision caused his Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong, 264 F.3d at 383.

4. The exercise of judicial power depends upon the existence of a case or controversy. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) . "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

5. The Petition no longer presents a case or controversy as required by Article III of the United States Constitution because, when the government released Petitioner under an order of supervision, Petitioner was no longer threatened with an injury likely to be redressed by a favorable judicial decision. See Spencer, 523 U.S. at 7.

IT IS therefore on this __29__ day of __June__, 2007,

ORDERED that the Petition is DISMISSED AS MOOT; and it is further

ORDERED that the Clerk shall serve this Order upon the United States Attorney for the District of New Jersey, and upon Petitioner, and shall close the file.

DENNIS M. CAVANAUGH, U.S.D.J.